

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. M. Williams
County Auditor
Tarrant County
Fort Worth, Texas

Dear Sir:

Opinion No. O-5275
Re: Commissioners' Court of Tarrant County is not authorized to expend county funds to pay expenses of members of Tarrant County Juvenile Department in attending national conventions.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The question has come up as to the legality of paying expense of members of the Tarrant County Juvenile Department to attend National Conventions. We are unable to find where that we can appropriate such funds, therefore I would appreciate very much if you would tender me a ruling on the above.

". . . . ."

We quote from 11 Texas Jurisprudence, pages 563-4-5, as follows:

". . . counties, being component parts of the state, have no power or duties except those which are clearly set forth and defined in the constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' courts, the medium through which the different counties act, and from these statutes must come all the authority vested in the counties. . . .

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable J. M. Williams, Page 2

". . . Commissioners' courts are courts of
limited jurisdiction in that their authority ex-
tends only to matters pertaining to the general
welfare of their respective counties and that
said powers are only those expresaly or impliedly
conferred upon them by law, that is, by the con-
stitution and statutes of the state."

An officer may not claim or reach any money with-
out a law authorizing him to do so, and clearly affixing the
amount to which he is entitled.  34 Texas Jurisprudence, p.
511; Duelos v. Harris County, 298 S. W. 417; Binford v.
Robinson, 244 S. W. 807.

This department has repeatedly held that commission-
ers' courts have no authority to expend county funds to pay
expenses of county officials in attending conventions because
same is not "county business" and there is no statutory or
constitutional authority to pay same.  See Conference Opinion
No. 2018, dated April 2, 1919, written by Honorable John
Maxwell, Assistant Attorney General, recorded in Vol. 52,
pages 562-3-4, Conference Opinions of the Attorney General
of Texas.

Opinion No. 0-810 of this department holds that ex-
penses of attending officers' conventions are not necessary
in the proper and legal conduct of county offices and that
commissioners' courts have no authority to expend county
funds for such purposes.

Opinion No. 0-2217 of this department holds that
payment of the traveling expenses of a commissioners' court
in attending a meeting of the State Highway Commission with
reference to designation and letting of contracts on state
highways is an illegal expenditure.

Opinion No. 0-4463 of this department holds that
a county cannot legally pay the expenses of a county official
or an individual which were incurred in attending civilian
defense meetings, and F. B. I. civilian defense schools.

Opinion No. 0-4827 of this department holds, among
other things, that the commissioners' court of Dallas County
was not authorized to expend county funds for payment of
traveling expenses of the county judge to attend a national
civilian defense convention held in California.

Honorable J. M. Williams, Page 3

Article 5142b, Vernon's Annotated Texas Civil Statutes, deals with juvenile officers in counties of 320,000 and not less than 220,000 inhabitants, (applicable to Tarrant County--population 225,521, according to the 1940 Federal census)--this article, however, does not authorize the commissioners' court of Tarrant County to expend county funds in payment of traveling expenses of the juvenile department in attending conventions.

We have not found any statute or other authority authorizing the payment by Tarrant County of the expenses inquired about.

It is our opinion that the commissioners' court of Tarrant County is not authorized to expend county funds for the purposes inquired about.

APPROVED MAY 14, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:mp



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN